Johnston, J.
I cannot refrain from expressing my satisfaction, that a cause involving in its decision, so many important principles of law, has been argued so fully and ably; and I will take this opportunity of declaring that, if the judgment I am about to pronounce should not be entirely satisfactory to the counsel on both sides, I will direct the case to be transmitted to the court of conference, in order that it may be settled by all the judges of the country.
I am of opinion that this case is not affected by the act of 1784—That act converted no estates tail into estates in fee, but such whereof there was a person “seised and possessed,” and confirmed only *197 such alienations in fee as had been made by tenants in tail in possession since the year 1777. Joseph Wells aliened the land in 1760, and no one has ever been “seised in tail therein from that period to “this day.” I think this therefore a casus omissus; one for which the legislature has not made provision in their act of 1784—I am also of opinion that if the plaintiff is entitled to recover at all, he is entitled to recover the whole of the land contained in the declaration of ejectment; for that the act of 1784 and 1795 regulated the descent of fee simple estates alone, and meddled not with the descent of entails—On all the other points, my opinion is favourable to the defendant. I incline to the belief that Joseph Wells was actually seised in fee at the time of his conveyance to Stephen Lee—and that if he were seised in tail, a discontinuance was operated by the conveyance, which barred the right of entry of his issue. This conveyance I think should be regarded as a seoffment; but if it were viewed as a bargain and sale, there was a clear warranty annexed, which gave it the same effect as to the operation of a discontinuance. With respect to the statute of limitations, I entertain no doubt but that, as neither entry nor claim hath been made on Stephen Lee or his heirs, within seven years after the right to defeat his title had first descended, (that is within seven years after the death of Joseph Wells,) and as the person then entitled to make such entry or bring such suit did not come within any of the exceptions mentioned in the act, the lessor of the plaintiff could not disturb the posses *198 sion of the defendant. The long possession of Lee and of those claiming under him is, in the words of the act, “a perpetual bar against all and all manner “persons whatever.”
Transmitted to the Court of Conference.